UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIUS C. FRANQUET, JR.,

                              Plaintiff,

              -against-

DANIEL F. MARTUSCELLO III, et al.,

                            Defendants.

7:25-CV-3585 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff Julius C. Franquet, Jr., who is currently incarcerated in the Fishkill Correctional Facility ("Fishkill"), a New York State Department of Corrections and Community Supervision ("DOCCS") prison, brings this action *pro se* under 42 U.S.C. § 1983, seeking damages and declaratory relief.[1] He sues: (1) Daniel F. Martuscello III, the DOCCS Commissioner; (2) Carol A. Moores, the DOCCS Chief Medical Officer and Deputy Commissioner in charge of prisoner medical treatment; (3) Michael A. Daye, the Fishkill Superintendent; (4) Latasha Jackson-Smith, the Fishkill Deputy Superintendent in charge of medical services; (5) Dr. Zamilus, a Fishkill physician; (6) Katie Ngbodi, a Fishkill nurse; (7) "RN #636," an unidentified Fishkill nurse; and (8) "John Doe RN #1," another unidentified Fishkill nurse.

By order dated June 4, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] The Court directs service on the identified defendants, directs the Attorney General of the State of New York to provide Plaintiff and the

---

[1] Plaintiff originally filed this action in the United States District Court for the Northern District of New York. By decision and order dated April 24, 2025, that court transferred this action to this court. (ECF 7.)

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Court with the identities and the service addresses of the unidentified defendants, and denies

Plaintiff's motion for the appointment of counsel (ECF 3) without prejudice to Plaintiff's filing

an application for the Court to request *pro bono* counsel at a later date.

I.  DISCUSSION

A.  Service on Identified Defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on

assistance from the Court and the United States Marshals Service ("USMS") to effect service.[3]

*Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The

officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3)

(the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the identified defendants (Martuscello, Moores,

Daye, Jackson-Smith, Zamilus, and Ngbodi) through the USMS, the Clerk of Court is instructed

to fill out a USMS Process Receipt and Return form ("USM-285 form") for each of those

defendants.  The Clerk of Court is further instructed to issue a summons for each of those

defendants and deliver to the USMS all the paperwork necessary for the USMS to effect service

of a summons and the complaint on each of those defendants.

If a summons and the complaint are not served on each of those defendants within 90

days after the date that the summonses for those defendants are issued, Plaintiff should request

an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding

that it is the plaintiff's responsibility to request an extension of time for service).

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a
summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP
and could not have effected service until the Court reviewed the complaint and ordered that any
summonses be issued. The Court therefore extends the time to serve the identified defendants
until 90 days after the date that any summonses for those defendants issue.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if he fails to do so.

B.    <u>Unidentified Defendants</u>

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the Court in ascertaining an unidentified defendant's identity and that defendant's service address. 121 F.3d 72, 76 (2d Cir. 1997).  In his Complaint, Plaintiff supplies sufficient information to permit DOCCS to ascertain the identities and service addresses of the unidentified defendants; they include: (1) "RN #636"–a Fishkill nurse who medically screened Plaintiff upon Plaintiff's arrival at Fishkill on May 18, 2024; and (2) "John Doe RN #1" – a Fishkill nurse who examined and/or medically treated Plaintiff on or about May 20, 2024, in the Fishkill Regional Medical Unit (RMU).  (*See* Compl. ¶¶ 10, 11.)  The Attorney General of the State of New York, who is the agent of and attorney for DOCCS, must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an Amended Complaint naming the newly identified individuals as defendants and providing their service addresses.  The Amended Complaint will replace, not supplement, Plaintiff's original complaint.  Amended Complaint form that Plaintiff should complete is attached to this order.  Once Plaintiff has filed an Amended Complaint, the Court will screen it and, if necessary, issue an order directing service on the newly identified defendants.

C.    <u>Motion for the Appointment of Counsel</u>

Plaintiff also requested the appointment of pro bono counsel.  (*See* Dkt. No. 3.)  Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties.  *See* 28 U.S.C. § 1915(e)(1).  Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision."  *Hodge v.*

*Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  When analyzing whether appointment of

counsel is appropriate, the Court should undertake a two-step inquiry.  *See Ferrelli v. River*

*Manor Health Care Ctr.*, 323 F.3d 196, 203–04 (2d Cir. 2003).  First, the Court "'should . . .

determine whether the indigent's position seems likely to be of substance.'"  *Id.* at 203 (quoting

*Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court

considers motions for appointment of counsel by asking first whether the claimant has met a

threshold showing of some likelihood of merit." (internal quotation marks omitted)).  In other

words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of

success.  *Hodge*, 802 F.2d at 60 (internal quotation marks omitted).  In making this

determination, the Court construes pleadings drafted by pro se litigants liberally and interprets

them "to raise the strongest arguments that they suggest."  *See Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted); *Sommersett v. City of New York,*

679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010).

    If the threshold requirement is met, the Court should proceed to consider other prudential

factors such as the plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the
> need for cross-examination will be the major proof presented [to the fact finder],
> the indigent's ability to present the case, the complexity of the legal issues and any
> special reason . . . why appointment of counsel would be more likely to lead to a
> just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE*

*(Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

    "Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that

the plaintiff be unable to obtain counsel 'before appointment will even be considered.'"  *Morris*

*v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*,

802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A

4

plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (internal quotation marks omitted); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

Here, Plaintiff provides limited evidence that he attempted to obtain counsel.  (*See generally* Dkt. No. 3.)   In order meet the requirements of § 1915(e)(1), Plaintiff must allege that he "is *unable* to retain counsel," and that he has "exhausted [his] search."  *Rosa v. Pathstone Corp.*, No. 23-CV-1071, 2023 WL 8778236, at *2 (S.D.N.Y. Dec. 19, 2023).  Although Plaintiff alleges that he and his family have "written [to] many attorneys, he has failed to establish that he exhausted his search by, for example, "consulting with attorneys who may be interested in taking her case on a contingency basis," *see id*. at *2, or "reached out to legal clinics or other non-profit organizations that could pursue Plaintiff's case pro bono," *Lucien v. Williams*, No. 20-CV-8020, 2022 WL 1451530, at *2 (S.D.N.Y. May 9, 2022).  (*See generally* Dkt. No. 3.)  Therefore, at this stage, Plaintiff's Motion is denied because he "has not demonstrated that [he] is unable to retain counsel."  *Rosa*, 2023 WL 8778236, at *2 (citing *Aguiree v. Rising Ground*, No. 23-CV-3986, 2023 WL 4187385, at *2 (S.D.N.Y. June 26, 2023)); *Lucien*, 2022 WL 1451530, at *2 (denying a plaintiff's request for pro bono counsel because his search was "not exhausted").

Setting aside Plaintiff's failure to demonstrate that he is unable to retain counsel—and even assuming the Plaintiff's remaining allegations have "some likelihood of merit" as required under *Hodge*—the Court finds that Plaintiff has not demonstrated why counsel should be appointed to represent him in light of the second inquiry under *Hodge* concerning prudential factors.  *See Culbreth v. Orange Cnty. Jail*, No. 24-CV-75, 2024 WL 1178850, at *1–2 (S.D.N.Y.

Mar. 19, 2024)) (assuming that the plaintiff's claim had "some likelihood of merit" for the

purposes of *Hodge* analysis and proceeding to analyze prudential concerns); *Shelby v. Petreucci*,

No. 23-CV-4315, 2023 WL 6623180, at *1–2 (S.D.N.Y. Oct. 11, 2023) (same).

Plaintiff's claims are largely based on a retelling of events that happened in his presence,

and therefore do not "appear to require outside investigation." *Person v. Ercole*, No. 08-CV-

7532, 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009); *see also Artis v. Phelps Mem'l Hosp.

Ass'n*, No. 23-CV-9827, 2024 WL 1307223, at *2 (S.D.N.Y. Mar. 27, 2024) (declining to appoint

counsel where the plaintiff had not demonstrated that the appointment of counsel would be

necessary to investigate any relevant factual allegations); *Gibson v. Mount Vernon Montefiore

Hosp. Exec. Dir.*, No. 22-CV-4213, 2022 WL 17325612, at *3 (S.D.N.Y. Nov. 29, 2022) ("[The

plaintiff] has not indicated what additional facts could be gathered and investigated only through

the aid of counsel which might be crucial to Plaintiff's ability to substantiate his claims."

(alterations adopted) (internal quotations and citations omitted)).

Further, Plaintiff has not alleged that his claims are "so complex or unique that a person

of Plaintiff's intelligence would be unable to handle them at this stage." *Gibson,* 2022 WL

17325612, at *3 (rejecting application for appointment of counsel where the plaintiff alleged

violation of his rights under 42 U.S.C. § 1983); *Smolen v. Brown*, No. 18-CV-7621, 2022 WL

4134366, at *2 (S.D.N.Y. Sept. 12, 2022) (same); *Dumel v. Westchester Cnty.*, No. 19-CV-2161,

2022 WL 1443355, at *2 (S.D.N.Y. May 6, 2022) (same). Indeed, Plaintiff has thus far been able

to coherently represent himself and his claims to the Court, which cuts against his request. *See

Phillips v. White Plains Hosp.,* No. 23-CV-11326, 2024 WL 2979374, at *3 (S.D.N.Y. June 12,

2024) ("Plaintiffs have demonstrated their ability to present the case themselves through their

submissions in this instant Action that adequately express their arguments and desired relief.");

*Culbreth*, 2024 WL 1178850, at \*3 (same); *Akinlawon v. Polonco*, No. 21-CV-2621, 2023 WL 8772672, at \*3 (S.D.N.Y. Dec. 19, 2023) (same).

Finally, Plaintiff has failed to allege that there are any special circumstances which require counsel to be appointed. *Compare Artis*, 2024 WL 1307223, at \*3 (rejecting application for appointment of counsel because "[p]laintiff has not presented any other, special circumstances that warrant the appointment of counsel"), *and Jessamy v. Lamanna*, No. 21-CV-9242, 2023 WL 3386154, at \*2 (S.D.N.Y. May 11, 2023) (same), *and Ross v. Brown*, No. 09-CV-5737, 2010 WL 3154561, at \*3 (S.D.N.Y. Aug. 3, 2010) (same), *with Syville v. City of New York*, No. 19-CV-9988, 2020 WL 9171113, at \*1, 3 (S.D.N.Y. May 8, 2020) (finding that plaintiff had demonstrated special circumstances where physical disability, depression, and post-traumatic stress disorder prevented Plaintiff from adequately litigating the case), *and Butler v. Heath*, No. 12-CV-3327, 2012 WL 4494270, at \*3 (S.D.N.Y. Sept. 28, 2012) (citing "language difficulties or mental health problems" as examples of "special circumstances" meriting appointment of counsel).

## II.    CONCLUSION

For the reasons noted above, the Court denies Plaintiff's motion for the appointment of counsel, (Dkt. No. 3), without prejudice. Furthermore, the Court also respectfully directs the Clerk of Court to: (1) to mail an information package to Plaintiff; (2) issue summonses for the identified defendants (Martuscello, Moores, Daye, Jackson-Smith, Zamilus, and Ngbodi); (3) complete USM-285 forms for those defendants; and (4) deliver all documents necessary to effect service of a summons and the complaint on each of those defendants to the USMS.

The Court further directs the Clerk of Court to mail a copy of this Order and a copy of the complaint, (Dkt. No. 1), to the Attorney General of the State of New York, at 28 Liberty Street, New York, New York 10005.

An amended complaint form and an application for the Court to request *pro bono* counsel form are attached to this Order.

SO ORDERED.

Dated:    July 1, 2025
          White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

**SERVICE ADDRESSES FOR DEFENDANTS**

1. Daniel F. Martuscello III, Commissioner
   New York State Department of Corrections and Community Supervision
   Harriman State Office Campus
   1220 Washington Avenue #9
   Albany, New York 12226-2050

2. Carol A. Moores, Deputy Commissioner
   New York State Department of Corrections and Community Supervision
   Harriman State Office Campus
   1220 Washington Avenue #9
   Albany, New York 12226-2050

3. Michael A. Daye, Superintendent
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, New York 12508-0307

4. Latasha Jackson-Smith, Deputy Superintendent
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, New York 12508-0307

5. Dr. Zamilus
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, New York 12508-0307

6. Katie Ngbodi (RN #658)
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, New York 12508-0307

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

**AMENDED
COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                    Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                    Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.     DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

_____

_____

(List the full name(s) of the defendant(s)/respondent(s).)

_____CV_____ (_____) (_____)

**Application for the Court to Request Pro Bono Counsel**

I ask the Court to request a pro bono attorney to represent me in this action.

1. Have you previously filed a "Request to Proceed in Forma Pauperis" (an IFP application)? Please check the appropriate box below:

   ☐  I have previously filed an IFP application in this case, and it is a true and correct representation of my current financial status.

   ☐  I have not previously filed an IFP application in this case and now attach an original IFP application showing my financial status.

   ☐  I have previously filed an IFP application in this case, but my financial status has changed. I have attached a new IFP application showing my current financial status.

2. Explain why you need an attorney in this case. (Please note that requests for pro bono counsel are rarely granted at the early stages of a case and usually not before the Court has issued a decision on the merits of the case.)

_____

_____

_____

PRO SE INTAKE WINDOW LOCATIONS:
40 FOLEY SQUARE | NEW YORK, NY 10007
300 QUARROPAS STREET | WHITE PLAINS, NY 10601

MAILING ADDRESS:
500 PEARL STREET | NEW YORK, NY 10007
PRO SE INTAKE UNIT: 212-805-0136

Rev. 4/14/2021

3.  Explain what steps you have taken to find an attorney. (Please identify the lawyers, law firms or legal clinics you have contacted and their responses to your requests. If you have limited access to telephone, mail, or other communication methods, or if you otherwise have had difficulty contacting attorneys, please explain.)

_____

_____

_____

_____

4.  If you speak a language other than English, state the language: _____. (The Court may not be able to find a volunteer attorney who speaks your language.)

I understand that if an attorney volunteers to represent me and learns that I can afford to pay for an attorney, the attorney may give this information to the Court.

I understand that even if the Court grants this application, there is no guarantee that an attorney will volunteer to represent me.

_____        _____
Date                                                                Signature

_____        _____
Name (Last, First, MI)                                      Prison Identification # (if incarcerated)

_____
Address                                              City                                State          Zip Code

_____        _____
Telephone Number                                       E-mail Address (if available)

**Click Here to Save**

2