NITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIUS C. FRANQUET, JR.,

                Plaintiff,

      -against-

DANIEL F. MARTUSCELLO III, *et al.*,

                Defendants.

25-CV-3585 (KMK)

AMENDED ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff Julius C. Franquet, Jr., who is currently incarcerated in the Fishkill Correctional Facility ("Fishkill"), a New York State Department of Corrections and Community Supervision ("DOCCS") prison, brings this action pro se under 42 U.S.C. § 1983, seeking damages and declaratory relief. On June 5, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis*. (Dkt. No. 12.) On July 1, 2025, the Court issued an Order of Service directing service on the named Defendants and ordering the Attorney General of the State of New York to identify the unnamed Defendants pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997). (Dkt. No. 14.) The Attorney General complied with that Order, providing the names Latoya Ogere and Jacob Schupak, on October 10, 2025. (Dkt. No. 31.) Plaintiff filed an Amended Complaint on November 24, 2025, naming Ogere and Schupak. (Dkt. No. 35.) However, Ogere and Schupak remain unserved because their service addresses are not at a DOCCS facility or affiliated with DOCCS. (Dkt. No. 43.) On February 19, 2026, the Court granted an extension of time to Defendants to answer and informed the Parties it would provide Ogere and Schupak's service addresses to the U.S. Marshals Service. (Dkt. No. 44.)

To allow Plaintiff to effect service on Defendants Ogere and Schupak through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process

Receipt and Return form ("USM-285 form") for these Defendants.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon Defendants Schupak and Ogere.

Rule 4(m) of the Federal Rules of Civil Procedure generally requires service of the summons and complaint to be completed within 90 days of the date the summons issues, and it is Plaintiff's responsibility to request, if necessary, an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012).  Plaintiff also must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

CONCLUSION

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package.  The Clerk of Court is also directed to complete a USM-285 form with the address for Defendants Ogere and Schupak, which are attached to the next page of this Order, and deliver all documents necessary to effect service on that Defendant to the U.S. Marshals Service. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 2, 2026
         White Plains, New York

_____
        KENNETH M. KARAS
     United States District Judge

2

DEFENDANTS AND SERVICE ADDRESS

Latoya Ogere
White Glove Placement Inc.
89 Bartlett St., Brooklyn NY 11206

Jacob Schupak
Central New York Psychiatric Center
9005 Old River Road, Marcy NY 13403
P.O. Box 300