UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIUS C. FRANQUET, JR.,

*Plaintiff*,

v.

DANIEL F. MARTUSCELLO III, et al.,

*Defendants*.

No. 25-CV-3585 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Plaintiff Julius C. Franquet, Jr. ("Plaintiff") brings this action pro se under 42 U.S.C. §1983 against (1) Daniel F. Martuscello, III, Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS"); (2) Carol A. Moores, DOCCS Deputy Commissioner and Chief Medical Officer; (3) Michael A. Daye, Fishkill Correctional Facility ("Fishkill") Superintendent; (4) Latasha Jackson-Smith, Fishkill Deputy Superintendent of Health Services; (5) Dr. Zamilus, a Fishkill physician; (6) Katie Ngbodi, a Fishkill nurse; (7) Latoya Ogere, a Fishkill nurse; and (8) Jacob Schupak, another Fishkill nurse (collectively, "Defendants"). Plaintiff alleges violations of his Eighth Amendment rights due to denial and delay of medical treatment relating, in part, to Plaintiff's diagnosed cardiac and respiratory conditions.

On November 24, 2025, Plaintiff requested that the Court appoint counsel on his behalf. (*See* Application for the Court to Request Counsel ("Application") (Dkt. No. 36).) Plaintiff also filed an affidavit to support his request. (Affidavit in Support of Motion for Appointment of Counsel ("Affidavit") (Dkt. No. 37).) Plaintiff additionally filed a substantively identical motion

for appointment of counsel on June 17, 2026. (*See* Application for the Court to Request Counsel (Dkt. No. 59).) For the following reasons, Plaintiff's request is denied without prejudice.

Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1).[1] Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). There is a three-step inquiry the Court should consider when analyzing whether the appointment of counsel is appropriate. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003) (describing "principles" the district court should consider in deciding a motion to appoint counsel).

First, "the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (quotation marks omitted); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . .").

[1] A litigant may demonstrate that he or she is indigent by successfully applying for leave to proceed in forma pauperis ("IFP"). *See Syville v. City of New York*, No. 19-CV-9988, 2020 WL 9171113, at *2 (S.D.N.Y. May 8, 2020) (concluding the plaintiff demonstrated indigent status where he was proceeding IFP). Because Plaintiff has been granted to proceed IFP, he has satisfied a demonstration of indigency. (Order Granting IFP Application (Dkt. No. 12).)

Second, the Court "'should . . . determine whether the indigent's position seems likely to be of substance.'" *Morris*, 2014 WL 1053658, at *1 (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (quotation marks omitted). In making this determination, the Court construes pleadings drafted by pro se litigants liberally and interprets them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (explaining pro se filings should be so construed); *Sommersett v. City of New York*, 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010) (same).

Third, if these threshold requirements are met, the Court should proceed to consider other prudential factors such as

> the [plaintiff's] ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE* (*Dep't of Homeland Sec.*), 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

Plaintiff previously filed a motion requesting the appointment of counsel on March 10, 2025. (*See* Mot. to Appoint Counsel (Dkt. No. 3).) This Court denied Plaintiff's request without prejudice because Plaintiff "provide[d] limited evidence that he attempted to obtain counsel." (*See* Order of Service 5 (Dkt. No. 14).) The Court also found that, even assuming Plaintiff's

allegations have "some likelihood of merit," the application failed to warrant appointment of counsel under the *Hodge* prudential factors. (*Id.* (quoting *Johnston*, 606 F.3d at 41).)

Plaintiff represents that he has since tried to obtain counsel. In his Affidavit, Plaintiff stated that "[m]y elderly mother worked the phones for over two months with attorneys requiring a large down payment prior to. . . . The aggregate of this has exacerbated my documented depression and PTSD." (Affidavit ¶ 4.) But "[t]his minimal description does not provide" the Court "with sufficient information to determine if [P]laintiff has made reasonably diligent efforts to secure counsel on his own." *Gorlin v. John Wiley & Sons, Inc.*, No. 99-CV-10673, 1999 WL 1140869, at *1 (S.D.N.Y. Dec. 10, 1999) (noting the plaintiff's representation that he "was referred to several attorneys," none of whom "would even agree to discuss [his] case with [him]," and concluding this representation was insufficient to allow the court to determine whether the plaintiff had made reasonably diligent efforts to secure counsel); *see also Hall v. Le Claire*, No. 10-CV-3877, 2013 WL 12497377, at *4 (S.D.N.Y. Sept. 6, 2013) (describing the plaintiff's statement that "[e]very attempt to secure counsel ha[s] been denied" as "provid[ing] no details about his actual efforts to secure counsel" and declining to appoint counsel). Plaintiff has also not explained whether he has contacted legal clinics or other non-profit organizations that could pursue Plaintiff's case pro bono. *See Hesse v. SunGard Sys. Int'l*, No. 12-CV-1990, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (noting that the plaintiff's failure to contact clinics and non-profits meant the "search was not exhaustive"); *Highsmith v. Gomez*, No. 98-CV-294, 2000 WL 33381018, at *3 (D. Conn. Nov. 30, 2000) ("[The p]laintiff fails to list or otherwise note which, if any, legal aid societies or legal clinics from which he has attempted to obtain counsel.").

However, even if the Court agreed Plaintiff had exhausted his search for counsel, Plaintiff's attempt to obtain counsel, by itself, does not end the *Hodge* analysis. *See Wright v. Condit*, No. 13-CV-2849, 2015 WL 127866, at *2 (S.D.N.Y. Jan. 7, 2015) (denying the plaintiff's motion to appoint pro bono counsel despite the fact that he "ha[d] indeed attempted to obtain the assistance of counsel . . . [and] ha[d] provided information indicating that he ha[d] contacted a number of attorneys and legal service agencies").

Indeed, while continuing to assume Plaintiff's claim has some likelihood of merit, (*see* Order of Service 5–6), the Court finds the prudential factors under *Hodge* continue to weigh against Plaintiff at this stage of the litigation.

Plaintiff contends he needs an attorney in light of (i) staffing deficiencies and recurring disruptions to prison operations that limit law library access; (ii) "cross examination of witnesses, expert witnesses, research on [the] background of suspected [registered nurse's] work history, and research of cases" that require a trained attorney; (iii) the inherent complexity of medical claims; and (iv) Plaintiff's major depressive disorder, post-traumatic stress disorder, and physical health conditions. (*See* Application 3–5, 7.)

Plaintiff's first argument about his limited law library access goes to his ability to present his case. *Hodge*, 802 F.2d at 61. Courts have held that "limited access to the law library" alone is not sufficient to "alter the Court's analysis as to the remaining *Hodge* factors." *Bonie v. Annucci*, No. 20-CV-640, 2020 WL 1643893, at *2 (S.D.N.Y. Apr. 2, 2020) (quotation marks omitted); *see also Rodriguez v. Palmer*, No. 21-CV-8078, 2024 WL 3014108, at *2 (S.D.N.Y. June 13, 2024) (same); *Pierre v. Cnty. of Nassau*, No. 17-CV-6629, 2021 WL 11629178 (E.D.N.Y. Mar. 19, 2021) (same). And Plaintiff ascribes the cause of limited library

access to alleged staffing shortages from a February 2025 correctional officers' strike, the effects of which may improve over time. (*See* Application 1–2.)

Plaintiff's second category of arguments also goes to his ability to present his case, and further, to the "complexity of the legal issues" and whether "conflicting evidence" will require cross-examination. *Hodge*, 802 F.2d at 61–62. But Plaintiff's case—still at the pleading stage—is at too early of a stage to determine whether outside investigation, cross-examination, or expert witnesses will be necessary.[2] *See, e.g.*, *Henry v. Annucci*, No. 19-CV-6280, 2019 WL 13520205, at *9 (W.D.N.Y. Oct. 8, 2019) (holding, before complaint had been served or answered, that "considering the[ *Hodge*] factors, . . . appointment of counsel is not warranted because it is too early to determine whether [the p]laintiff's claims are likely to be of substance."); *Sardarian v. Fed. Emergency Mgmt. Agency*, No. 19-CV-910, 2019 WL 8331443, at *5 (D. Conn. June 19, 2019) ("At this early stage of the proceedings, before discovery has commenced, the Court lacks sufficient evidence to determine . . . whether [the plaintiff's] claims possess sufficient merit to warrant the appointment of counsel."); *Leer v. Fisher*, No. 13-CV-8529, 2015 WL 413253, at *6 (S.D.N.Y. Feb. 2, 2015) (concluding "that it is still too early in the litigation to determine whether appointment of counsel is warranted" after denying in part the defendants' motion to dismiss). And Plaintiff's claims are largely based on a retelling of events that happened in his presence and therefore do not "appear to require outside investigation." *Person v. Ercole*, No. 08-CV-7532, 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009); *see also Artis v. Phelps Mem'l Hosp. Ass'n*, No. 23-CV-9827, 2024 WL 1307223, at *2 (S.D.N.Y. Mar. 27, 2024) (declining to

[2] Some defendants' motions to dismiss have only recently been filed, (*see* Mot. to Dismiss Am. Compl. (Dkt. No. 55)), and briefing on other defendants' motions is due in the coming months, (*see* Order (Dkt. No. 68)).

appoint counsel where the plaintiff had not demonstrated that the appointment of counsel would be necessary to investigate any relevant factual allegations).

Plaintiff's third argument goes to the "complexity of the legal issues." *Hodge*, 802 F.2d at 62. But because his claims chiefly concern his prison's misplacement of and failure to replace his medication, (*see* Am. Compl. ¶¶ 14, 20–23 (Dkt. No. 35)), they are not so complex such that "a person of Plaintiff's intelligence would be unable to handle them at this stage." *Mena v. City of New York*, No. 12-CV-28, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013); *see also Coleman v. Reynolds*, No. 04-CV-761, 2007 WL 4287691, at *1 (W.D.N.Y. Dec. 4, 2007) (denying motion for appointment of counsel where "the facts and issues in this case, to wit, whether [the] plaintiff was denied adequate medical care during his incarceration . . . are not complex." (emphasis omitted)). Plaintiff's Amended Complaint, (*see* Am. Compl.), is clear and detailed in its factual allegations, suggesting that, so far, Plaintiff has proven more than capable of presenting his case. *See Phillips v. White Plains Hosp.*, No. 23-CV-11326, 2024 WL 2979374, at *3 (S.D.N.Y. June 12, 2024) ("[The plaintiffs] have demonstrated their ability to present the case themselves through their submissions in this instant [a]ction that adequately express their arguments and desired relief."); *Pearson v. Wellpath Health Servs.*, Nos. 24-CV-1714, 24-CV-1657, 2025 WL 252926, at *3 (S.D.N.Y. Jan. 21, 2025) ("[The p]laintiff has thus far been able to coherently represent himself and his claims to the Court, which cuts against his request [for appointment of counsel].").

Finally, Plaintiff's mental health conditions and poor physical health are not "special reason[s]," *Hodge*, 802 F.2d at 62, that merit the appointment of counsel at this time. Of course, mental and physical conditions can constitute special circumstances supporting an application for the appointment of counsel. *See, e.g.*, *Syville v. City of New York*, No. 19-CV-9988, 2020 WL

9171113, at *1, 3 (S.D.N.Y. May 8, 2020) (finding that the plaintiff had demonstrated special circumstances where, among other issues, physical disability, depression, and post-traumatic stress disorder prevented the plaintiff from adequately litigating the case); *Butler v. Heath*, No. 12-CV-3327, 2012 WL 4494270, at *3 (S.D.N.Y. Sept. 28, 2012) (citing "language difficulties or mental health problems" as examples of "special circumstances" that might merit appointment of counsel). But Plaintiff has not explained why his particular conditions would "present[] a permanent hindrance to him prosecuting his case" and has not presented "any supporting medical evidence" indicating that they would. *See Douglas v. Salotti*, No. 15-CV-636, 2017 WL 1382094, at *1 (W.D.N.Y. Apr. 18, 2017). Nor, considering Plaintiff's submissions thus far, is it clear to the Court that those conditions have impeded him. *Thousand v. Wrest*, No. 14-CV-6616, 2016 WL 3477242, *6 (W.D.N.Y. 2016) ("[W]hile [the p]laintiff contends that his . . . impairment is a factor weighing in favor of appointment of counsel, it does not appear that such impairment has hindered him.").

Accordingly, the Court denies Plaintiff's Application for Appointment of Counsel without prejudice to later renewal if circumstances change as the case proceeds. The Clerk of Court is respectfully directed to terminate the pending motions (Dkt. Nos. 36, 59) and mail a copy of this Order to Plaintiff.

SO ORDERED.

DATED: August 14, 2026
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE